STATE of Iowa, Appellee,

v.

Larry Henry CARTER, Appellant.

No. 90–1686.

Supreme Court of Iowa.

Feb. 19, 1992.

Francis C. Hoyt, West Des Moines, for appellant.

Bonnie J. Campbell, Atty. Gen., Thomas S. Tauber, Richard A. Williams, and Virginia Barchman, Asst. Attys. Gen., and John P. Sarcone, County Atty., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, LAVORATO, and ANDREASEN, JJ.

LAVORATO, Justice.

Larry Henry Carter is a former candidate for city council and a professed atheist. He was convicted of violating the Iowa Campaign Disclosure–Income Tax Checkoff Act for failing to disclose his campaign contributors to the campaign finance disclosure commission. *See* Iowa Code §§ 56.-6(1)(a) and 56.6(1)(e) (1987). The district court denied Carter's motion for new trial based on newly discovered evidence that he claimed afforded him a constitutional exemption to the campaign finance disclosure requirements. He appeals, challenging the ruling. In addition, for the first time on appeal Carter raises ineffective assistance of his trial counsel.

We affirm the district court's ruling on the motion for new trial. We also conclude Carter failed to establish his claim of ineffective assistance of counsel.

I. *Background Facts and Proceedings.*

Carter unsuccessfully ran for the Des Moines city council in 1987. Because of his beliefs, Carter's campaign focused on the removal of alleged religious influences from city government.

Carter was ultimately charged with, and convicted of, violating Iowa Code sections 56.6(1)(a) and 56.6(1)(e). These provisions provide that a candidate's election committee must file disclosure reports of campaign contributors, amounts contributed, and amounts disbursed. *See* Iowa Code §§ 56.6(1)(a) and 56.6(1)(e). The first report is due five days prior to the election.

*See* Iowa Code § 56.6(1)(e). Additionally, monthly reports are required until the committee is dissolved. *Id.* All reports are available to the public and are preserved for five years from the date of filing. *See* Iowa Code § 56.8(3).

Carter was convicted by a jury on the theory that he aided and abetted in failing to file the reports. The district court sentenced Carter to ninety days in the county jail but suspended all but five days of his sentence subject to the terms of probation set by the court. One of those conditions required Carter to file the finance disclosure reports.

Carter told the district court that he would not file the reports. So the court revoked Carter's probation and ordered him to complete the jail sentence.

While serving his sentence, Carter came into possession of an advisory opinion issued by the Federal Election Commission. The substance of the opinion granted political committees supporting candidates of the Socialist Workers Party an exemption from some of the reporting requirements of the Federal Election Campaign Act of 1971 (now codified as amended at 2 U.S.C. sections 431–55 (1988 and Supp. I 1989)).

Specifically, the committees were exempted from the provisions requiring the disclosure of the names, addresses, occupations, and principal places of businesses of contributors to the Socialist Workers Party committees. In rendering the opinion, the commission relied on several United States Supreme Court decisions.

Later, Carter filed several posttrial motions, one of which is the subject of this appeal: motion for new trial based on newly discovered evidence. *See* Iowa R.Crim.P. 23(2)(b)(8). Carter presented the advisory opinion as his newly discovered evidence, contending that he should be allowed a similar exemption. The district court disagreed and overruled Carter's motion.

Carter challenges this ruling on appeal, contending that the rationale behind the exemption should be extended to him. He also claims his trial counsel was ineffective

because counsel failed to urge the exemption as a defense.

## II. *Iowa Rule of Criminal Procedure 23(2)(b)(8): Motion for New Trial Based on Newly Discovered Evidence.*

Iowa Rule of Criminal Procedure 23(2)(b)(8) gives the district court discretion to grant a new trial based upon newly discovered evidence. The rule provides in part:

> 2. *New Trial.*
>
> ....
>
> b. *Grounds.* The court may grant a new trial for any or all of the following causes:
>
> ....
>
> (8) When the defendant has discovered important and material evidence in his or her favor since the verdict, which the defendant could not with reasonable diligence have discovered and produced at the trial....

In short, to prevail on this motion a defendant must show that (1) the evidence could not have been discovered earlier in exercise of due diligence; (2) the evidence is material to the issues, not merely cumulative or impeaching; and (3) the evidence would probably change the result if a new trial is granted. *State v. Whitsel*, 339 N.W.2d 149, 156 (Iowa 1983).

While the district court has wide discretion on such motions, we have made it clear that the court should closely scrutinize them and grant them sparingly. *Id.*

In denying Carter's motion, the district court said this:

> The only material developed subsequent to the verdict herein is the draft of the advisory opinion.... As an "advisory opinion," it would not carry the force of law. Secondly, this court is not convinced that the authorities cited by Mr. Carter are helpful to him under his specific circumstances. The court is not convinced that his declaration of being an [a]theist makes him a member of a "minority party" within the meaning of the case law [in the] advisory opinion submitted. He has indicated that he is a "Democrat by the highest credentials since 1986." ... In any event, his choice to practice [a]theism does not exempt him from the campaign financial disclosure requirements of the state statute.

In terms of the rule, the court in effect found that Carter's "newly discovered evidence" was not material and would probably not change the result if a new trial were granted. For reasons that follow we agree.

In claiming a constitutional exemption from the reporting requirements of sections 56.6(1)(a) and 56.6(1)(e), Carter relies heavily on two United States Supreme Court decisions: *Brown v. Socialist Workers '74 Campaign Comm.*, 459 U.S. 87, 103 S.Ct. 416, 74 L.Ed.2d 250 (1982) and *Buckley v. Valeo*, 424 U.S. 1, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976).

These two cases stand for the proposition that the federal constitution protects against the compelled disclosure of political associations and beliefs because such disclosure "can seriously infringe on privacy of association and belief guaranteed by the First Amendment." *Buckley*, 424 U.S. at 64, 96 S.Ct. at 656, 46 L.Ed.2d at 713; *accord Brown*, 459 U.S. at 91, 103 S.Ct. at 420, 74 L.Ed.2d at 256. The right of privacy yields only to a compelling state interest. *Brown*, 459 U.S. at 91–92, 103 S.Ct. at 420, 74 L.Ed.2d at 256; *accord Buckley*, 424 U.S. at 64, 96 S.Ct. at 656, 46 L.Ed.2d at 713.

In *Buckley* the Supreme Court upheld against a first amendment challenge the reporting and disclosure requirements imposed on political parties by the Federal Election Campaign Act of 1971, now codified as amended at 2 U.S.C. sections 431–55 (1988 and Supp. I 1989). *Buckley*, 424 U.S. at 60–74, 96 S.Ct. at 654–61, 46 L.Ed.2d at 711–19. The Court said there are three compelling governmental interests that justify disclosure. Those are enhancement of a voter's knowledge about a candidate's possible allegiances and interests, deterrence of corruption, and the enforcement of

contribution limitations. *Id.* at 66–68, 96 S.Ct. at 657–58, 46 L.Ed.2d at 714–15.

Minor party candidates seldom win elections. So their slim chances at winning reduce the dangers of corruption and vote-buying. At the same time, there is a greater potential for impairing first amendment interests in the case of minority parties. Several factors account for this. Minor political parties are less likely to have a sound financial base so they are more vulnerable to fall-offs in contributions. In addition, potential contributors may be deterred from contributing because of fears of reprisals. The end result would be the demise of the movement. If that happens the public suffers because free circulation of ideas in and out of the political arena is stifled. For all these reasons, *Buckley* recognizes that in some circumstances minor political parties must be given exemptions from compelled disclosures. *Buckley*, 424 U.S. at 70, 96 S.Ct. at 659, 46 L.Ed.2d at 716.

*Buckley* provides this test in determining when the first amendment requires such an exemption:

> The evidence offered need show only a reasonable probability that the compelled disclosure of a party's contributors' names will subject them to threats, harassment, or reprisals from either [g]overnment officials or private parties. The proof may include, for example, specific evidence of past or present harassment of members due to their associational ties, or of harassment directed against the organization itself. A pattern of threats or specific manifestations of public hostility may be sufficient.

*Id.* at 74, 96 S.Ct. at 661, 46 L.Ed.2d at 719.

■ Applying these principles, the Supreme Court in *Brown* held that Ohio's campaign disclosure requirements (which are similar to Iowa's) could not be constitutionally applied to the Ohio Socialist Workers Party. *Brown*, 459 U.S. at 98–102, 103 S.Ct. at 423–25, 74 L.Ed.2d at 260–62.

Carter would have us extend the principles of *Buckley* and *Brown* to him. We cannot. As the State correctly points out, *Buckley* and *Brown* protect the rights of minority political *parties* and their supporters.

In his own words, Carter is a "Democrat by the highest credentials since 1986." He concedes American Atheists is not a political party. Nor does he contend that this group sponsored his campaign.

Presumably Carter's ties to American Atheists are religious or philosophical, not political. Without a showing that the group engages in the type of political activity that *Buckley* and *Brown* protect, we do not assume it does.

■ Additionally, we agree with the district court that the advisory opinion is not new "evidence" within the meaning of Iowa Rule of Criminal Procedure 23(2)(b)(8). *See* 58 Am.Jur.2d *New Trial* § 469, at 437 (1989) ("A newly discovered legal theory does not constitute the type of matter envisioned by the standards governing the granting of a new trial based upon newly discovered evidence.").

### III. *The Ineffective Assistance of Counsel Claim.*

■ The result we reach disposes of Carter's ineffective assistance of counsel claim. Counsel had no duty to offer evidence that was not material to the case. Even had counsel presented such evidence, it would not have afforded Carter a defense. On this state of the record, we can say that Carter failed to show (1) that trial counsel failed to perform an essential duty and (2) that the failure prejudiced him. Both are essential elements for an ineffective assistance of counsel claim. *Brewer v. State*, 444 N.W.2d 77, 83 (Iowa 1989).

### IV. *Disposition.*

The district court did not abuse its discretion when it denied Carter's motion for new trial because Carter failed to show the proffered evidence was material to his case. Because the evidence was not material, trial counsel's failure to present such evidence did not rise to the level of ineffective assistance of counsel.

For these reasons, we affirm.

AFFIRMED.